**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 21, 2018

**BY ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Thomas O'Reilly*, **S5 17 Cr. 243 (SHS)**

Dear Judge Stein:

      The Government respectfully submits this letter in connection with the sentencing scheduled in the above-captioned matter of Thomas O'Reilly (the "defendant"), currently scheduled for June 28, 2018, at 2:30 p.m., and in response to the defendant's submission, dated June 19, 2018 ("Def. Ltr.") (Dkt. No. 207). In the Presentence Investigation Report ("PSR"), dated May 14, 2018, the Probation Office calculated the applicable United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range to be 15 to 21 months' imprisonment (the "Guidelines Range"), which is the same range to which the parties stipulated in the plea agreement. For the reasons set forth below, the Government respectfully submits that a sentence within the Guidelines Range is appropriate in this case.

**I.      Offense Conduct**

      From approximately September 2016 to March 2017, the defendant worked as a telephone-based salesperson for CTO Consulting, one of a group of interrelated telemarketing companies (the "Telemarketing Companies") that engaged in a fraudulent scheme (the "Telemarketing Scheme"), by which they promised to earn victims (the "Victims") money in exchange for particular Victims making an initial cash "investment" in, among other things, business development, website design, grant applications, and/or tax preparation services. (PSR ¶ 6.) At CTO Consulting, which was owned and operated by Christopher Wilson, the defendant was one of the "salespeople" on the front line of the scheme, "selling" to as many Victims for as much money as he could get from them. Many Victims, the majority of whom are over 70 years old, "invested" thousands of dollars with the Telemarketing Companies, including CTO Consulting, but did not earn any of the promised returns. (PSR ¶ 7.) When Victims of the Telemarketing Scheme sought refunds, or fought credit card charges, the Telemarketing Companies provided explanations and documentation to the credit card companies falsely representing that the Victims had received the promised services. (PSR ¶ 7.)

On March 21, 2017, Arash Ketabchi, Michael Finocchiaro, Joseph McGowan, William Sinclair, and Andrew Owimrin were arrested in connection with this case. (PSR ¶ 9). Each of them owned, operated, or were employed at one or more of the Telemarketing Companies. That same day, Christopher Wilson told the defendant about the arrests of their co-conspirators and, after expressing concern that CTO Consulting might be under scrutiny by law enforcement, asked the defendant to assist him in destroying hard copy documents and removing electronic devices from CTO Consulting's offices. (PSR ¶ 8.) The defendant and Wilson shredded documents that they considered of potential interest to law enforcement agents, and removed several electronic devices from CTO Consulting's offices in order to conceal them from investigators. (PSR ¶ 8.)

## II.     Procedural History

On December 18, 2017, the defendant waived indictment and was charged by Superseding Information S5 17 Cr. 243 with one count of destruction, alteration, or falsification of records in a federal investigation, in violation of Title 18, United States Code, Section 1519. (Dkt. No. 137.) On February 20, 2018, the defendant pled guilty to the count contained in the Superseding Information pursuant to a plea agreement, in which the parties stipulated that the applicable Guidelines offense level is 12, the defendant's Criminal History Category is III, and the Guidelines Range is 15 to 21 months' imprisonment. (PSR ¶ 2.) The Probation Office reached the same conclusion with respect to the Guidelines calculation (PSR ¶ 70), but has recommended a sentence of 366 days' imprisonment with the "hope that the defendant will take this time to transition from a life of crime and recidivism into that of a productive, law-abiding member of society" (PSR at 16).

On June 19, 2018, the defendant submitted a sentencing memorandum, in which he requested a sentence of "time served." (Def. Ltr. at 1.) The defendant emphasizes that he "should be judged on the whole of his life," that his "good far outweighs the bad," and that he "wants an opportunity to live a law-abiding life." (Def. Ltr. at 3.)

## III.     Discussion

### A.  Applicable Law

Although *United States v. Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. 220, 264 (2005). As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available;" (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence

disparities among defendants;" and (7) "the need to provide restitution to any victims." 18 U.S.C. § 3553(a)(1)-(7); *see also Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)     to afford adequate deterrence to criminal conduct;

(C)     to protect the public from further crimes of the defendant; and

(D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## B.  A Guidelines Sentence Is Appropriate In This Case

*First*, a sentence within the Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct. The defendant was on the front lines of a wide-ranging fraudulent scheme that victimized some of the most vulnerable members of our society. When, on March 21, 2017, Wilson approached the defendant, told him that some of their co-conspirators had been arrested, and then asked the defendant to help him destroy documents and hide electronic devices, the defendant did not hesitate. The defendant helped Wilson shred documents the same day that the first set of defendants were arrested in this very case. He took electronic devices from CTO Consulting's offices so that, if law enforcement agents came knocking, those devices would be nowhere to be found. The defendant's conduct was purposeful, and he personally took steps to destroy and conceal evidence.

The destruction and concealment of evidence is a serious offense. It undermines the truth-seeking function of law enforcement agents, it impedes grand jury investigations and prosecutions, and it has the potential—indeed, the goal—to keep important evidence out of the courtroom. A sentence of "time served," as requested by the defendant, would not be commensurate with the defendant's conduct. *Cf. United States v. Patterson*, 219 F.2d 659, 664 (2d Cir. 1955) ("in the circumstances here the deliberate destruction of the records would have been an illegal act giving rise to *serious sanctions*" (emphasis added)).

*Second*, a sentence within the Guidelines Range is necessary to afford adequate deterrence to the defendant and others similarly situated, and to promote respect for the law. It is clear from the defendant's criminal history—this is his seventh conviction—that mere apprehension, prosecution, and conviction are insufficient to deter the defendant from continuing to commit crimes. The defendant suggests that his motive for some or all of the crimes for which he has been convicted was related to his addiction to drugs. Indeed, the nature of the defendant's addiction makes it all the more important that the Court send him a message strong enough—in the form of a sentence within the Guidelines Range—to help him understand the import and necessity of respecting the law. The defendant also asks for a chance to lead a law-abiding life. He was given that chance after each of his six prior convictions, and squandered each of those opportunities over

the past decade.  Like the Probation Office (PSR at 16), the Government remains hopeful that the defendant will, after serving his sentence, lead a productive and law-abiding life.  But that chapter should start only after the defendant has served a sentence adequate to deter him from returning to his previous pattern of criminal conduct, which included drug crimes and domestic violence.

A sentence within the Guidelines Range also will deter others who are similarly situated to the defendant, that is, those who find themselves in a situation where they have to decide whether or not to participate in the destruction of evidence when they suspect that law enforcement agents may be investigating them.  A "time served" sentence is inadequate to send the message to the community that the offense conduct is serious and that there are significant consequences for taking purposeful steps to thwart a federal criminal investigation.

In sum, a sentence within the Guidelines Range adequately would balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

## IV.    Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the Guidelines Range of 15 to 21 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: *Robert B. Sobelman*    _
Kiersten A. Fletcher
Benet J. Kearney
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2238/2260/2616

Cc: Bradley L. Henry, Esq. (by ECF)